IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| AMERICAN STRATEGIC INSURANCE CORP., as subrogee of JAMES TIMMERMAN, JR. <br> 1 ASI Way <br> St. Petersburg, FL  33702 <br><br> Plaintiff, <br><br> v. <br><br> POTOMAC ELECTRIC POWER COMPANY <br> 701 9th Street NW–Suite 1300 <br> Washington, D.C.  20068 <br><br> Serve on: <br> Resident Agent <br> The Corporation Trust Incorporated <br> 351 West Camden Street <br> Baltimore, MD 21201 <br><br> Defendant. | Civil Action No.: 8:15-cv-2045 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, American Strategic Insurance Corp., as subrogee of James Timmerman, Jr., by and through its counsel, hereby demands judgment against Defendant, Potomac Electric Power Company, and complains against it as follows:

## PARTIES

1. Plaintiff, American Strategic Insurance Corp. ("ASIC"), is a corporation duly organized and existing under the laws of the State of Florida with its principal place of business located at 1 ASI Way, St. Petersburg, FL, and, at all times relevant hereto, was engaged in the insurance business and was licensed to do business in the State of Maryland.

2. Plaintiff's insured, James Timmerman, Jr. ("Timmerman"), is an adult individual and a resident of the State of Maryland who, at all times relevant hereto, owned the real and personal property located at 19326 Elderberry Terrace in Germantown, MD (the "Property").

3.  Defendant, Potomac Electric Power Company ("Pepco"), is a corporation duly organized and existing under the laws of the District of Columbia with its principal place of business located at 701 9th Street NW, Washington, DC, and, at all times relevant hereto, was engaged, among other things, in the business of providing residential electric power service.

4.  ASIC issued Policy No. MDA11309 to Timmerman for the period February 13, 2013, through February 13, 2014, insuring the Property.

5.  ASIC has made payments to Timmerman under the aforementioned Policy in an amount in excess of One Hundred and Fifty Four Thousand Dollars ($154,000.00) for damages sustained as a result of a fire that occurred on or about March 23, 2013, at the Property and is subrogated to the rights of its insured to the extent of its payments pursuant to the terms of the Policy, and now seeks recovery of said payments.

## JURISDICTION AND VENUE

6.  Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states and an amount in controversy which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

7.  Venue is proper in this district based on 28 U.S.C. §1391(a) in that the event giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

8.  Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

9.  On or about March 23, 2013, a fire originated at the Property.

10. The aforementioned fire originated at the base of the meter pan where Pepco's electric meter was installed.

11.     The aforementioned fire originated on Pepco's side of the electric service to the Property where Pepco's service entrance cable was connected to the base of the meter pan.

12.     As a direct and proximate result of the aforementioned fire, Timmerman's Property was severely damaged and destroyed.

13.     As a direct and proximate result of the aforementioned fire, Timmerman suffered damage and destruction to his Property in an amount in excess of $154,000.00.

## COUNT I – NEGLIGENCE

14.     Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

15.     The damage and destruction to Timmerman's Property was caused by and resulted from the negligent, careless and/or reckless acts and/or omissions of Pepco, by and through its agents, subagents, servants, representatives, workmen, employees and/or subcontractors, acting within the course and scope of their employment.  These acts and/or omissions consisted of:

(a)     failing to properly install, inspect, service and maintain its electrical equipment at the Property;

(b)     failing to take necessary and reasonable precautions in order to safeguard the Property from the risk of fire;

(c)     failing to properly and adequately supervise its agents, subagents, servants, representatives, workmen, employees and/or subcontractors to ensure that proper and safe means, methods and procedures were used to install, inspect, service and maintain its electrical equipment at the Property;

(d)     failing to use the proper and necessary components, parts and/or equipment in the installation, service and/or maintenance of its electrical equipment at the Property;

(e) failing to use the necessary components, parts, and/or equipment to ensure the electric service to the Property was proper, safe and adequate for the purposes for which it was installed and intended;

(f) failing to warn Timmerman of the danger presented to his Property by the use of inadequate means, methods, and procedures in the installation, service and/or maintenance of its electrical equipment at the Property;

(g) failing to follow proper and safe engineering practices in the installation, service and/or maintenance of its electrical equipment at the Property;

(h) failing to apply the degree of skill that would customarily be brought to the installation, service and/or maintenance of electrical equipment at the Property by competent and skilled contractors in the industry;

(i) failing to comply with applicable rules, regulations and/or codes, including, but not limited to, those of the State of Maryland and other regulatory bodies, concerning the installation, service and/or maintenance of electrical equipment;

(j) creating an unreasonable risk of fire by failing to properly install, service and/or maintain its electrical equipment at the Property;

(k) failing to perform its work in a good and workmanlike manner;

(l) causing the fire;

(m) allowing and/or permitting the aforesaid fire to spread; and

(n) otherwise failing to use due care under the circumstances.

16. As a direct and proximate result of Pepco's negligent, careless, reckless acts and/or omissions, Timmerman suffered damage and destruction to his Property in an amount in excess of $154,000.00.

WHEREFORE, Plaintiff, American Strategic Insurance Corp., as subrogee of James Timmerman, Jr., demands judgment against Defendant, Potomac Electric Power Company, for

damages in an amount in excess of $154,000.00, together with interest, costs, attorneys' fees and such other damages as may properly be awarded by this Court.

                              Respectfully submitted,

                              STRAVITZ LAW FIRM, PC

By:   /s/ Eric N. Stravitz
       Eric N. Stravitz (Bar No. 23610)
       4300 Forbes Boulevard
       Suite 205
       Lanham, MD 20706
       O:  (240) 467-5741
       F:  (240) 467-5743
       E:  eric@stravitzlawfirm.com

       *Counsel for Plaintiff,*
       *American Strategic Insurance Corp.*

OF COUNSEL:

William E. Gericke, Esquire
COZEN O'CONNOR
One Liberty Place
1650 Market Street
Philadelphia, PA  19103
(215) 665-2000 – Telephone
(215) 701-2146 – Facsimile
wgericke@cozen.com

## JURY DEMAND

Plaintiff, by and through its counsel, hereby requests a trial by jury in the above-captioned case.

                              /s/ Eric N. Stravitz
                              Eric N. Stravitz  (Bar No. 23610)